**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 24-20633-CIV-ALTONAGA/Reid**

**BROOKE GOLDSTEIN**,
    Petitioner,

v.

**MATTHEW SIMON**,
    Respondent.
_____/

### RESPONDENT, MATTHEW SIMON'S VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO PETITIONER BROOKE GOLDSTEIN'S VERIFIED PETITION FOR RETURN OF THE CHILDREN TO ISRAEL

**COMES NOW**, the Respondent/Father, MATTHEW SIMON (hereinafter referred to as "Respondent" or "Father"), by and through his undersigned counsel, hereby files this Verified Answer and Affirmative Defenses to Petitioner's Verified Petition for Return of Child to Isarel by the Petitioner/Mother, BROOKE GOLDSTEIN (hereinafter referred to as "Petitioner" or "Mother"), and in support thereof states:

    **I.**     **Preamble**

1. The Respondent denies the allegations in paragraph 1 because he did not wrongfully retain the children from Israel without the Petitioner's consent.

2. The Respondent admits the allegations in paragraph 2; however, the Respondent denies this was a properly filed Hague Convention Petition for the reasons asserted in the affirmative defenses.

3. The Respondent admits the allegations in paragraph 3.

4. The Respondent admits the allegations in paragraph 4.

5. The Respondent admits the allegations in paragraph 5.

6. The Respondent denies the allegations in paragraph 6.

## II. Jurisdiction and Venue

7. The Respondent denies the allegations in paragraph 7 based on the facts and law set forth in the Respondent's motion to dismiss/motion for summary judgment.

8. The Respondent denies the allegations in paragraph 8 because he denies that he wrongfully retained or removed the children from Israel and he denies that Israel is the habitual residence of the children. The Respondent admits that the Children and Respondent are residing in Miami Florida. Respondent admits that the Petitioner is also residing in the same home which is why she said she wanted to keep the address confidential in footnote 2.

## III. History of the Case and Status of Petitioner and Child.

9. Respondent admits the allegations in paragraph 9 that the parties are the parents of the children who are U.S. citizens and as Jewish people obtained their Israeli citizenship. Respondent admits he is a U.S. citizen and obtained citizenship as a Jewish person and admits that the Petitioner is a citizen of U.S. Canada and also obtained her citizenship as a Jewish person.

10. The Respondent admits the allegations in paragraph 10.

11. The Respondent admits the allegations in paragraph 11.

12. The Respondent admits the allegations in paragraph 12.

13. The Respondent admits the allegations in paragraph 13.

14. The Respondent admits that the parties resided in New York until December 2020 but denies the family moved on a permanent basis to Herzliya, Israel. The Respondent denies the parties signed three short term leases upon arrival in Israel. The Respondent admits the parties had a lease that provided the duration through September 2024 but also allowed early termination. The Respondent denies that almost everything the parties and

children owned prior to October 2023 is located in the Israeli property. The Respondent denies the parties continue to pay rent on the Israeli property. The Respondent admits that the parties and children obtained Israeli citizenship as is the right of all Jews worldwide. The Respondent admits that the parties and children have Israeli passports as well as U.S. passports. The Respondent denies the parties leased cars in Israel. The Respondent admits that he opened bank accounts in Israel but denies that these accounts have any amounts of significance. The Respondent denies that he opened credit cards in Israel. Respondent admits that he had phone plans in Israel. The Respondent admits the parties voted in Israel. The Respondent admits that the parties have Israeli state provided health insurance and that Respondent has always maintained and paid for health insurance in the United States. Respondent admits that the Petitioner obtained a Wework space in Israel but denies that Petitioner's office is in Israel. The Respondent denies that he hired a personal assistant and he is without knowledge if Petitioner continues to pay a personal assistant in Israel. The Respondent admits that the parties hired a nanny for the children but denies that she continues to be employed by the parties or reside in the parties' Israeli residence. The Respondent admits the parties attended a synagogue in Israel for high holy days but is without knowledge as to the remainder of the sentence. Respondent admits that in the past the children were enrolled in school, attended very limited extracurricular activities and had a pediatrician dentists and therapist in Israel.

15. The Respondent admits the allegations in paragraph 15 that the parties returned to the United States where their families live on or around June 6, 2023, and returned to Israel on or around August 26, 2023.

16. The Respondent admits the allegations in paragraph 16.

17. The Respondent admits the allegations in paragraph 17 that following October 7, 2023, the parties traveled to Miami but denies it was temporary. The Respondent admits that the parties have family in Miami Florida. Respondent denies that the parties stayed with a friend for 2-3 weeks. Respondent admits that the parties decided to obtain housing in Miami. Respondent denies that the parties originally had return ticket to Israel scheduled for February 2024 which were rescheduled for March 2024.

18. Respondent denies the allegations in paragraph 18 that he made excuses about returning to Israel in December 2023. Respondent is without knowledge as to whether Petitioner returned to Israel for her job or to check on their home. Respondent denies that the children were supposed to travel with the Petitioner since the children were in school. Respondent admits that he advised the Petitioner that it was best for the family to stay in Miami, Florida where their family was and not return to Israel because of the war and also because the move to Israel was never intended to be permanent.

19. Respondent denies the allegations in paragraph 19 that the locus of the parties' lives is still Israel. The Respondent denies that the entire friend circle and support system are in Israel. The Respondent admits he prepaid the 2023-2024 school year in Israel. The Respondent admits he paid for the lease but not that he intends to keep the lease. The Respondent is without knowledge if the Petitioner is still paying her lease for her office in Israel. The Respondent denies he is paying the personal assistant. Respondent admits he pays the parties' former nanny 50% of her salary to temporarily help her during the war in Israel. The Respondent is without knowledge what personal items of the family remain in Israel. The Respondent admits that the parties and children did not reside in Florida before October 2024.

20. Respondent denies the allegations in paragraph 20 that Petitioner did not consent to coming to Miami Florida. Respondent denies that the parties never shared an intent to abandon Israel because they decided to come to Miami to live during the war in Israel and until it ended. The Respondent admits the children were enrolled in school in Miami but denies that it was intended as temporary by Respondent. The Respondent denies that the intention that enrollment was temporary. Respondent denies that each child's enrollment in school demonstrates that the enrollment was temporary.

21. Respondent admits the allegations in paragraph 21 that the Petitioner has sent letters to the High Court of Israel.

22. The Respondent denies the allegations in paragraph 22 that currently the children are acclimated, involved and integrated to all aspects of daily life in Israel. The Respondent admits in the past the children went to school received medical and dental care in Israel.

23. Respondent admits the allegations in paragraph 23 that the Petitioner has rights of custody but denies that Respondent wrongfully retained the children from their habitual residence beginning in December 2023.

### IV. Wrongful Removal and Retention of Child by Respondent : Claim for Relief Under the Hague Convention.

24. Respondent admits the allegations in paragraph 24.

25. Respondent denies the allegations in paragraph 25.

26. Respondent admits the allegations in paragraph 26.

27. Respondent admits the allegations in paragraph 27.

28. Respondent admits the allegations in paragraph 28.

29. Respondent denies the allegations in paragraph 29.

30. Respondent is without knowledge of the allegations in paragraph 30.

DocuSign Envelope ID: CA3CE194-B863-425E-B1AE-2A274E13FCC6

31. Respondent is without knowledge of the allegations in paragraph 31.

32. Respondent admits the allegations in paragraph 32 that the Respondent has been exercising her custody rights but denies that the Respondent wrongfully removed and retained the Children.

33. Respondent admits the allegations in paragraph 33 that W.S. was born in 2015 and will be 16 in 2031 but denies that W.S. was wrongfully retained from Israel, and denies that W.S. was a habitually residing in Israel within the meaning of Article 3 of the Convention.

34. Respondent admits the allegations in paragraph 34 that B.S. was born in 2017 and will be 16 in 2033 but denies that B.S. was wrongfully retained from Israel, and denies that B.S. was a habitually residing in Israel within the meaning of Article 3 of the Convention.

35. Respondent admits the allegations in paragraph 35 that Z.S. was born in 2036 and will be 16 in 2036 but denies that Z.S. was wrongfully retained from Israel, and denies that W.S. was a habitually residing in Israel within the meaning of Article 3 of the Convention.

36. Respondent admits the allegations in paragraph 36 during the 5 years that the parties were residents of New York but denies that the parties resided in Israel from December 2020 to the present.

37. Respondent is without knowledge of the allegations in paragraph 37.

38. Respondent denies the allegations in paragraph 38.

39. Respondent admits the allegations in paragraph 39 that the children are now eight, six and three years and that the Hague Convention applies to children under the age of 16 but Respondent denies that the Petitioner never consented or acquiesced to the children living in Miami Florida.

40. Respondent is without knowledge of the allegations in paragraph 40.

41. Respondent denies the allegations in paragraph 41.

42. Respondent denies the allegations in paragraph 42.

43. Respondent denies the allegations in paragraph 43 that he has engaged in inequitable conduct or international child abduction.

## V. Provisional Remedies

44. Respondent denies the allegations in paragraph 44.

45. Respondent is without knowledge of the allegations in paragraph 45.

## VI. Attorney's Fees and Costs

46. Respondent denies the allegations in paragraph 46.

47. Respondent denies the allegations in paragraph 47.

48. Respondent denies the allegations in paragraph 48.

49. Respondent denies the allegations in paragraph 49.

## AFFIRMATIVE DEFENSES

50. **First Affirmative Defense.** The Respondent and Petitioner are both in custody of the children and accordingly there has not been a wrongful removal or retention as those terms are used within *The Convention on the Civil Aspects of International Child Abduction done at the Hague on October 25, 1980* ("Hague Convention") ; or the *International Child Abduction Remedies Act, 22 USC 9001 et seq*.("ICARA")  The Petitioner is seeking for this Court to insert itself in deciding where an intact family should live which is not the purpose of the Hague Convention or ICARA.  Respondent took no actions which constitute a retention as that term is used under the Hague Convention, ICARA and Eleventh Circuit precedent.   Additionally, Petitioner consented to the family moving to Miami until the war in Israel was over. No retention could occur until the war in Israel is over.

51. **Second Affirmative Defense.** Respondent has not breached the Petitioner's rights of custody. Respondent and Petitioner jointly decided to come to Miami, Florida where their families live when the war in Israel broke out in October 2023 and there was no agreement to return to Israel.

52. **Third Affirmative Defense.** Israel was not the children's habitual residence and the children's presence in Israel was always considered temporary. The parties agreed to come to Florida because of the war in Israel and came to Florida for an indefinite stay. Since their arrival in Florida, the children have acclimatized to Florida and abandoned Israel. Hence Florida became the children's habitual residence and the family abandoned Israel.

53. **Fourth Affirmative Defense.** The Petitioner consented or acquiesced pursuant to Article 13(a) of the Hague Convention to the children coming to Florida to live until the war in Israel ended. The war in Israel had not ended and thus the Petitioner's consent remains in place. Since Petitioner's consent, the children have become acclimatized to Florida.

54. **Fifth Affirmative Defense.** There is a grave risk that the return to Israel would expose the children to physical or psychological harm or otherwise place the children in an intolerable situation pursuant to Article 13(b) due to the war in Israel.

Pursuant to 26 USC §1746 I declare under penalty of perjury that the foregoing is true and correct.

Executed on April ___, 2024.

4/15/2024

_____
Matthew Simon

By: __/s/ Catherine M. Rodriguez
CATHERINE M. RODRIGUEZ
Florida Bar No.: 0896993

FILLER RODRIGUEZ, LLP

            1688 Meridian Avenue, Suite 900
            Miami Beach, Florida 33139
            (305) 672-5007 (Telephone)
            (305) 672-0470 (Facsimile)
            crodriguez@fillerrodriguez.com (primary e-mail)
            service@fillerrodriguez.com  (secondary email)

            Attorney for Respondent [MATTHEW SIMON]

## **CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF this 15th day of April 2024, upon:

Daniel Lipschutz
lipschutz@amsllp.com
Aronson Mayefsky & Sloan, LLP
333 SE 2nd Avenue, Suite 2820
Miami, FL 33131
T: 786.685.4950

Richard Min
Green Kaminer Min & Rockmore, LLP
420 Lexington Avenue, Suite 2821
New York, NY 10170
T: 212.681.6400

ATTORNEYS FOR PETITIONER

            By: __/s/ Catherine M. Rodriguez
            CATHERINE M. RODRIGUEZ